IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

SAMUEL ABRAHAM,

    Plaintiff,    Civil Action No.
             5:15-CV-1387 (TJM/DEP)

 v.

USA, *et al.*,

    Defendants.

---

APPEARANCES:      OF COUNSEL:

FOR PLAINTIFF:

SAMUEL ABRAHAM, *Pro se*
c/o 1236 Carroll Street
New York, NY 11225

FOR DEFENDANT:

[NONE]


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT, RECOMMENDATION, AND ORDER

 *Pro se* plaintiff Samuel Abraham has commenced this action utilizing a form designated for civil rights complaints brought pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, together with an accompanying application for

leave to proceed *in forma pauperis* ("IFP"), have been forwarded to me for review. Based upon consideration of those documents, plaintiff's application for leave to proceed without prepayment of fees is granted, but I recommend that his complaint be dismissed as patently frivolous.

I.   BACKGROUND

Plaintiff commenced this action on November 20, 2015. Dkt. No. 1. Although this is not clearly stated, it appears that, when liberally construed, plaintiff's complaint potentially names the following defendants: (1) the United States; (2) the State of New York; (3) New York City; (4) the Agudath Israel Party and/or its "Top Council"; (5) "6 Millions Jewry"; and (6) "All World's Nations."[1] *Id.* at 1. Plaintiff's complaint is rambling and exceedingly difficult to decipher, and is accompanied by a collection of miscellaneous documents of varying description. *See generally id.* As relief, plaintiff seeks "[p]ermission to LIVE in NYC,NYS,USA in-spite Edict of Agudath Israel Party's Ultrafanatics to Kill [him.]" *Id.* at 3.

---

[1] Plaintiff's complaint is not signed, as required under Rule 11 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(a) ("Every pleading . . . must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." This omission would provide a proper basis for the court to require plaintiff to sign his complaint or to strike it in the event that he failed to do so after being notified of the deficiency. *See id.* ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."); *see also Rodriguez v. City of N.Y.,* No. 10-CV-1849, 2011 WL 4344057, at *3 (S.D.N.Y. Sept. 7, 2011).

2

I. DISCUSSION

A. IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[2] In this instance, because I conclude that plaintiff satisfies the requirements to qualify for IFP status, his application for leave to proceed without payment of the requisite filing fee is granted.[3]

---

[2] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[3] Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

B.   Sufficiency of Plaintiff's Complaint

1.   Standard of Review

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d

Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the

adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## 2. Analysis of Plaintiff's Complaint

As was noted above, plaintiff's complaint is extremely difficult to understand, and the claims asserted are far from clear. Without reciting any facts supporting its stated clams, plaintiff's complaint asserts the following three causes of action:

### FIRST CAUSE OF ACTION

Entire World's Nations, USA-will Suffer of My Execution for Being Re-Surrected, La Bebe Dieu. Cleared in Celestial Court of Supreme Justice from COMA Against rabbis' Advice Clearly Erroneous! My Mission Is to Do 'Sur-Me-RA', till Messiah ben David Does 'Asse Tov'!!

### SECOND CAUSE OF ACTION

I Suffer of Many Terminal Occupational Illnesses MADE In USA: Cancers, Hepatitis C, Diabetis, Cardiac = A Clinically Dead Man Walking, Needy for Justice+Post Mortem Honorary Citizenship, Fallen In Duty in USA!!! The Whole Truth, Beyond Reasonable DOUBT.

### THIRD CAUSE OF ACTION

Bible based on US Constitution IS PRO LIFE, TRUTH. the 7 Noachide Commendments Were Accepted by All Nations USA-Incl. and NYC iS Jewish, presumed to Keep 613 Commendments: Don't Kill, Steal, Lie, ecc. NYC IS In NYS, in USA, one of 50 States[.]

Dkt. No. 1 at 2 (errors in original).

Courts in this circuit generally disfavor *sua sponte* dismissal of actions filed by *pro se* litigants, "except when the complaint is patently frivolous on its face or wholly insubstantial[.]" *Sexton v. Ryan*, 804 F.2d 26, 26-27 (2d Cir. 1986). An action is "factually frivolous" when the contentions in a complaint "are 'clearly baseless' – that is, if they are 'fanciful,' 'fantastic[al,]' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33. The Second Circuit has said that an action may also be dismissed as legally frivolous when "the claim is based on an indisputably meritless legal theory" – that is, "when either the claim lacks an arguable basis in law or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citations omitted).

Even under the most generous reading owed as a result of his *pro se* status, plaintiff's complaint nonetheless rises to the level of irrational and "the product of delusion or fantasy." *Livingston*, 141 F.3d at 437. Accordingly, I recommend that the complaint be dismissed. *Morse v.*

*Network of Al-queda Attorneys*, No. 12-CV-1102, 2012 WL 1155821, at *5 (E.D.N.Y. Apr. 5, 2012).

    C.    <u>Whether to Permit Amendment</u>

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d

129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

I have carefully scrutinized both plaintiff's complaint and the accompanying attachments and can discern no basis from which to conclude that, if permitted leave to amend, plaintiff could assert a cognizable claim against one or more of the named defendants. Accordingly, I recommend against granting him leave to amend.

III. SUMMARY AND RECOMMENDATION

Having reviewed plaintiff's application for leave to proceed IFP, I conclude that he has made a sufficient showing to qualify for leave to proceed without prepayment of fees. Based upon a review of his complaint, however, construed liberally to assert the strongest arguments suggested by the allegations contained within it and the accompanying attachments, I conclude that the complaint is frivolous and the subject of delusion, and is therefore subject to dismissal without leave to amend. Accordingly, it is hereby

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED; and it is further hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(e), and that the court

deny plaintiff IFP status for purposes of appeal, and certify, pursuant to 28 U.S.C. § 1915(e)(3), that any appeal from an order issued approving this recommendation would not be taken in good faith.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

Dated:   January 15, 2016
         Syracuse, New York

*David E. Peebles*
U.S. Magistrate Judge